

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> 0.00376 ACRE, MORE OR LESS, IN NELSON COUNTY, VIRGINIA, LOCATED ON PARCEL IDENTIFICATION NO. 21-13-14A, IDENTIFIED AS LOT 14B ON THAT PLAT OF SURVEY BY WM. MORRIS FOSTER, C.L.S., DATED FEBRUARY 12, 1999, RECORDED IN PLAT CABINET 5, SLIDE 57D AND 57E, <br><br> and <br><br> NANCY L. AVERY <br> 195 Flying Eagle Court <br> Nellysford, VA 22958, <br><br> *Defendants*. | Case No. 3:18CV00046 |

## COMPLAINT IN CONDEMNATION

**Nature of the Case**

1. Plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property; (ii) if later requested, immediate possession of the easements described herein; and (iii) the ascertainment and award of just compensation to the owners of interest in real property, Nancy L. Avery, and any other interested parties (collectively, the "Owner").

**Jurisdiction and Venue**

2.  This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owner as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owner exceeds $3,000.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that Atlantic seeks to condemn are located within the Western District of Virginia.

**Parties**

4.  Atlantic is a Delaware limited liability company with its principal office located at 120 Tredegar Street, Richmond, Virginia 23219. Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own, operate, and maintain pipelines for the transportation of natural gas in interstate commerce. Atlantic's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5.  The Owner has an ownership interest in that certain tract of land identified as Parcel Identification No. No. 21-13-14A, comprised of 2.16 acres, more or less, as is more particularly described as Lot 14B on that plat of survey by WM. Morris Foster, C.L.S., dated February 12, 1999, recorded in Plat Cabinet 5, Slide 57D and 57E of the land records of that County (the "Property"). The Property is depicted on **Exhibit 1**.

6. There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to Atlantic because they could not be ascertained by a diligent inquiry. These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

## Facts

7. Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project").

8. The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina. Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina to the City of Chesapeake, Virginia and 16 inches in diameter in Brunswick County, Virginia and Greensville County, Virginia.

9. Natural gas transported by the ACP Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

10. Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities. On October 13, 2017, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. A copy of the FERC Certificate is attached as **Exhibit 2**.

11. FERC found that the ACP Project will "primarily serve natural gas demand in Virginia and North Carolina." *See* Ex. 2, at 35, ¶ 79.

12. FERC also found that the "public at large will benefit from increased reliability of natural gas supplies." *See* Ex. 2, at 35, ¶ 79.

13. As a result, the ACP Project "serves a 'public use'" as determined by FERC. *See* Ex. 2, at 34, ¶ 79.

14. Atlantic must begin construction of the ACP Project as soon as possible to ensure completion within FERC's deadline. *See* Ex. 2.

15. The FERC-approved route of the ACP Project is on land adjacent to the Property. A map depicting the route of the ACP Project is attached as **Exhibit 3**.

16. Atlantic seeks to construct a portion of the ACP Project on land adjacent to the Property. The ACP Project cannot be constructed until Atlantic acquires certain temporary easements (the "Temporary Easements" or the "Easements") on the Property. The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project.

17. A plat depicting the size and nature of the Easements is attached hereto as **Exhibit 4**.

18. The Temporary Easements will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities. The Temporary Easements are requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete. The Temporary Easements will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements.

19. Atlantic also seeks to acquire the right of ingress and egress to and from and through the Easements; the right to transport pipe, vehicles, machinery, persons, equipment, or other

materials to and from and through the Easements, and the right of access through any existing roads on the Property.

20. Atlantic also seeks the right to fell trees and clear brush or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the ACP Project or to maintain safe and efficient access to and from the ACP Project.

21. The Owner shall retain the right to use the Property in any manner that will not interfere with the use and enjoyment of Atlantic's rights under the Easements.

22. Atlantic has negotiated with the Owner and has made several efforts to acquire the Easements by contract. However, Atlantic and the Owner have been unable to agree upon the compensation to be paid.

23. Pursuant to the authority granted to Atlantic by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Atlantic now seeks to take by eminent domain the Easements over the Property as depicted herein and in **Exhibit 4**.

**WHEREFORE**, Atlantic respectfully requests that this Court:

A. Enter an Order of Judgment of Taking by Eminent Domain as to the Easements as described herein;

B. If later requested, grant Atlantic immediate possession of the Easements in the form of a preliminary injunction prior to the determination of just compensation upon deposit with the Court of a sum of money representing the value of such Easements as determined by Atlantic's appraisal or land rights valuation analysis;

C. Ascertain and award just compensation to the Owner for the taking of the Temporary Easements; and

D. Grant such other relief as may be just and proper.

Dated:  June 29, 2018

ATLANTIC COAST PIPELINE, LLC
By Counsel

**s/ John D. Wilburn**
John D. Wilburn (VSB No. 41141)
Richard D. Holzheimer, Jr. (VSB No. 40803)
N. Patrick Lee (VSB No. 78735)
Kang He (VSB No. 89237)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia  22102
Telephone:   (703) 712-5000
Facsimile:   (703) 712-5050
rholzheimer@mcguirewoods.com
jwilburn@mcguirewoods.com
plee@mcguirewoods.com
khe@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that a true copy of the foregoing will be served upon all named defendants via private process server or via publication if appropriate under Federal Rule of Civil Procedure 71.1(d)(3)(B).  Once service is effectuated, an Affidavit/Return of Service will be filed with this Court.

**s/ John D. Wilburn**
John D. Wilburn (VSB No. 41141)

103906855_2